UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


### CIVIL MINUTES – GENERAL

Case No.:   CV 22-02464-AB (RAO)                    Date:   March 17, 2023
Title:        Rod Anthony Huff v. People of the State of California


Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

Donnamarie Luengo                                    N/A
Deputy Clerk                               Court Reporter / Recorder

Attorneys Present for Petitioner:          Attorneys Present for Respondent:

N/A                                          N/A

**Proceedings:**          (In Chambers) **ORDER TO SHOW CAUSE RE: MOOTNESS**


Pending before the Court is Petitioner Rod Anthony Huff's Amended Petition for Writ of Habeas Corpus. Dkt. No. 9. The Amended Petition alleges that Petitioner, a pretrial detainee, is unlawfully confined in connection with a matter pending in Los Angeles County Superior Court.

A public check of the Los Angeles Sheriff's Department inmate locator shows that Petitioner was released on bond on December 11, 2022. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

In light of Petitioner's release from custody, the instant Petition appears moot because the Court cannot grant Petitioner the relief he seeks in this matter. A federal court's jurisdiction is limited to actual cases or live controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "[W]hen an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)); *see also Arthur v. Milunsic*, No. CV 12-10404-DDP (CW), 2013 WL 1890335, at *1 (C.D. Cal. Mar. 22, 2013).

Because Petitioner's release appears to moot the relief he sought by initiating this action, the matter no longer involves a "live controversy." *See Farnsworth v. Tewes*, Case No. EDCV 15-02407-JFW (DTB), 2016 WL 1253382, at *2 (C.D. Cal. Feb. 18, 2016) (citing *Kittel v. Thomas*, 620 F.3d 949, 951-52 (9th Cir. 2010) (denying petitioner's request for a protective ruling in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-02464-AB (RAO)                    Date:   March 17, 2023

Title:        Rod Anthony Huff v. People of the State of California

event the government raises an argument adverse to petitioner's claim at a later date because the case no longer involved a "live controversy," rendering the petition moot)).  As such, the Petition should be dismissed as moot.

In light of the foregoing, **IT IS ORDERED** that Petitioner must show cause, in writing, on or before **April 7, 2023**, why this case should not be dismissed on the grounds of mootness.  If Petitioner elects not to proceed in this action, he may expedite matters by signing and returning the attached **Notice of Dismissal** by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

**Petitioner is cautioned that, absent further order of the Court, his failure to timely file a response to this order or a Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**IT IS SO ORDERED.**

Attachment.

_____ : _____
Initials of Preparer        dl